IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER HOSKINS,

                Petitioner,                OPINION AND ORDER

v.

                                                17-cv-798-wmc

MATTHEW MARSKE,

                Respondent.

---

Petitioner Walter Hoskins, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. Specifically, Hoskins seeks to challenge a decision by the Bureau of Prisons ("BOP") denying his request to credit the time he spent in state custody towards his federal sentence. This petition is still before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Unfortunately, because Hoskins has not raised a plausible claim for relief, the court must deny his petition.

BACKGROUND[1]

On August 12, 2004, petitioner Walter Hoskins was arrested in Iowa by Black Hawk County law enforcement officials, then charged in Iowa state court with possession of a firearm as a felon and for violating his state work release. On August 16, 2004, Hoskins' work release was revoked, and he was returned to the Iowa Department of Corrections.

---

[1] The court draws the following facts from Hoskins' petition and attached exhibits.

1

While serving this state term of imprisonment, Hoskins was also sentenced in Black Hawk County district court on October 19, 2004, to a 30-year term of imprisonment for possession of cocaine and salt cocaine, both with an intent to deliver as a habitual felony offender.

Although the separate state court charge for possession of a firearm as a felon was then dismissed, Hoskins was removed from state custody by the United States Marshals Service on a federal writ of habeas corpus ad prosequendum on November 22, 2005, and he appeared in the Northern District of Iowa the next day for an arraignment and initial appearance in federal court, for being a felon in possession of a firearm after three previous convictions for a violent felony or serious drug offense. Since Iowa state officials had primary custody of Hoskins, the district court decided that a detention hearing was unnecessary, and he was promptly returned to state authorities. On January 31, 2006, a jury found Hoskins guilty of the charge.

On July 18, 2006, Hoskins was again removed from state custody temporarily, also on a federal writ of habeas corpus ad prosequendum. Hoskins was sentenced in federal court on July 28, 2006, to a term of 235 months' imprisonment to run *consecutively* to the terms of imprisonment for Hoskins' Black County, Iowa, criminal charges. *United States v. Hoskins*, No. 05-CR-2035-LRR, dkt. #68 (N.D. Iowa July 28, 2006). Hoskins was then again returned to the Iowa Department of Corrections with the federal judgment filed as a detainer.

In his current petition, Hoskins represents that he was held in the Bremer County

2

Jail in Waverly, Iowa, from September 9, 2009, to January 2010, but records attached to his petition indicate that he served his Iowa state court sentence until September 24, 2009 (dkt. #2-1, at 1), and he was actually only held at that jail from September 24, 2009, until October 26, 2009, when he was transferred to a federal correctional facility to begin serving his federal sentence (dkt. #2-1, at 14).

On February 9, 2017, Hoskins filed an Administrative Remedy BP-8 with the federal institution where he was being held, seeking credit for time spent in jail between November 2005 and July 2006, and from September 9, 2009, to January 2010. In denying his request, the institution correctional counselor explained that:

> The time period you are requesting was time spent on your state sentence. During the time period of November 2005 to July 2006 you were serving your state sentence. At this time you were taken on a writ for your federal sentence, however since you were serving a state sentence at that time, the credit goes to the state. According to the DOC your state sentence ended on 9-24-2009 and your computation began on 9-24-2009. There is no break in custody and all credit is applied correctly.

(Dkt. #2-1, at 1.) Hoskins sought review of this denial from the warden, but on March 6, 2017, the warden also denied his request, noting that Hoskins was serving his Iowa state sentence until September 22, 2009,[2] and that any time he spent in federal custody

---

[2] Hoskins does not suggest that he was actually serving his state court sentence until September 22, as opposed to September 24. To the contrary, he agrees that September 24 was the date he was transferred to the jail, attaching to his petition a letter from the Bremer County Jail Administrator, who reported that Hoskins was held at the jail from September 24, 2009, to October 26, 2009. (*See* dkt. #2-1, at 14.) Accordingly, the court infers that the reference to September 22 was an clerical error by the warden.

3

pursuant to a writ was "considered secondary custody (the state sentence did not stop running while you were out of court)." (Dkt. #2-1, at 4.)

Hoskins then filed a Regional Administrative Remedy Appeal, BP-10, from the warden's denial, and on April 27, 2017, Hoskins received an affirmance, confirming that (1) any periods of time spent in secondary custody under a federal writ of habeas corpus ad prosequendum were applied to his state sentence, and (2) he was not eligible for a nunc pro tunc designation with respect to those periods of time. (Dkt. #2-1, at 6.) On May 8, 2017, Hoskins next filed an appeal with the BOP's Central Office, which was denied on August 11, 2017, as follows:

> Bureau Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), states in part, "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The Federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody. In your case the time you spent in federal custody on the writ was applied towards your Iowa state sentence.

(Dkt. #2-1, at 12.)

## OPINION

Hoskins asks that this court reverse the BOP's denial of his request to credit the time he spent in the Iowa correctional facility between November 22, 2005, and July 18, 2006, and his claimed stay the Bremer County Jail between September 9, 2009, and January of 2010. A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for challenges to the administration or computation of a sentence. *See*

4

*Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted). Under 18 U.S.C. § 3585(b), the Bureau of Prisons *must* apply sentence credit for "any time [the defendant] has spent in official detention prior to the date the sentence commences" and "that has not been credited to another sentence." *Id.* However, "§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence." *See also United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996). Finally, the BOP "'has the authority to determine when to give a defendant credit against a sentence for time he has served.'" *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (quoting *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994)).

The BOP's conclusion that Hoskins' time under the federal writ for habeas corpus ad prosequendum could not be applied to his federal sentence is consistent with the law. Although Hoskins points to the "Official federal detention" during those periods of time as an indication that he was serving his federal sentence, that designation does not suggest that the BOP's decision was incorrect. To begin, the BOP agreed that Hoskins' federal sentence started on September 24, 2009, so Hoskins needs no further relief with respect to that period of time spent in county jail. As for the earlier 2005 and 2006 periods of time that Hoskins briefly spent under a federal writ, the doctrine of primary custody dictates that an inmate's federal sentence commences only *after* the government exercises primary jurisdiction over him. *Pope*, 889 F.3d at 417 (citing *Loewe v. Cross*, 589 F. App'x

5

788, 789 (7th Cir. 2014); *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006)). Since the 2005 and 2006 periods of time when Hoskins was being held pursuant to the writs of habeas corpus ad prosequendum constituted secondary custody, just as the BOP found, Hoskins has no basis to assert that he was actually serving his federal sentence at that time.

Hoskins appears to further challenge the BOP's decision declining to designate the state facility where he was located as the place where he started serving his federal sentence. While "the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence" under 18 U.S.C. § 3621, "effectively allowing the state and federal sentences to run concurrently . . . the BOP also has 'wide discretion' over that designation." *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (quoting *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990)). Here, the BOP did not abuse its discretion in declining Hoskins' request to make the state facilities the place of confinement for his federal sentence, since the federal sentencing court expressly held that his federal sentence should run consecutive to his state sentence. Indeed, that is the default; under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *See also Winters v. Kallis*, 766 F. App'x 393, 395 (7th Cir. 2019) (BOP does not abuse its discretion by contacting a sentencing court for guidance when that court was silent as to its intentions with respect to a sentence being served concurrent with or

6

consecutive to a state sentence). Accordingly, Hoskins' challenge to the BOP's determinations plainly lacks merit, and his petition must be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner Walter Hoskin's petition is DISMISSED.

2. The clerk of court is directed to enter judgment and close this case.

Entered this 18th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge